## 63736. STEPHENS v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

POPE, Judge.

Stephens appeals from a judgment issuing a writ of possession in a proceeding against him as a tenant holding over and beyond the agreed term.

On August 26, 1980 the Atlanta Housing Authority notified appellant that his lease would be terminated 30 days from receipt of the letter because he was keeping cats on the premises in violation of paragraph 6A(e) of his lease agreement. Appellant did not respond to this letter, so on September 30, 1980 the Housing Authority sent him another letter notifying him that eviction proceedings were being initiated immediately unless he made some other arrangements. On October 9, 1980, still no response from appellant, the Housing Authority proceeded to take out a dispossessory warrant against him. The trial judge ruled that appellant had violated his lease agreement by keeping cats on the premises and granted the Housing Authority a writ of possession.

Appellant contends that the trial court erred in finding and declaring that the demand for the premises was properly made. Code Ann. § 61-301 provides that a demand for possession of the premises be made before dispossessory proceedings are initiated. It does not require that the demand be in any certain form or that it be given within any certain time before the dispossessory proceedings are begun. The following letter was sent to appellant after his lease had been terminated: "According to our records you failed to respond to our letter of 8-26-80 notifying you that your lease would be terminated effective 9-25-80 on the dwelling unit you occupy. This is to further notify you that we are proceeding immediately with an eviction warrant at the State Court of Fulton County against you for

which your account will be charged $15.00.

"In order to avoid the embarrassment of eviction, you are urged to arrange immediately to have your belongings removed from the premises. In doing this, you will avoid an additional charge for eviction which ranges from $35.00 to $100.00.

"When you move, please be sure to turn in your apartment keys to the management office.

"If it develops that you have paid your rent or made a satisfactory agreement with your Project Manager before this warrant is actually filed at the Courthouse, you will not be required to pay the above mentioned $14.00 [sic] Court cost.

"If you have [any] questions regarding this serious matter, *please contact your Project Manager.*"

We find this letter to be an adequate demand for possession pursuant to Code Ann. § 61-301. Accordingly, appellant's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 2, 1982 —
REHEARING DENIED JULY 15, 1982.

*Frank O. Brown, Jr.,* for appellant.
*Alfred J. Turk III,* for appellee.